IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LORI DAMON, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-15-CV-00013-FM |
| | § | |
| CHURCH OF SCIENTOLOGY, | § | |
| | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

On this day, the court considered Defendant Church of Scientology's ("Defendant") "Brief in Support of Defendant Church of Scientology Mission of El Paso's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)" ("Motion") [ECF No. 15], filed March 3, 2015.[1]  Plaintiff Lori Damon ("Plaintiff") has not responded to the Motion after more than 14 days since the Motion was filed. Therefore, the Motion may be properly considered without awaiting Plaintiff's response.[2]  After considering the Motion and applicable law, the Motion is **GRANTED**.

**I.     BACKGROUND**

    *A.     Procedural History*

On January 22, 2015, Plaintiff filed her *pro se* "Complaint."[3]  Plaintiff's Complaint advances seven (7) claims against Defendant: (1) violation of Article 18 of the Universal Declaration of Human Rights ("UDHR"), (2) organized stalking, (3) invasion of privacy, (4) theft of property, (5) work-related discrimination, (6) housing-related discrimination, and (7) stalking by Internet.[4]  Defendant filed its

---

[1] Defendant avers it has been improperly identified, arguing its proper name is "Church of Scientology Mission of El Paso." Mot. 1 & n.1.

[2] *See* Local Rule CV-7(e)(2) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion.").

[3] ECF No. 3.

[4] Compl. 1.

Motion on March 3, 2015, seeking dismissal of this cause of action due to a lack of subject matter jurisdiction and Plaintiff's failure to state any claim for which relief could be granted.

      B.      *Defendant's Arguments*[5]

Defendant argues Plaintiff's Complaint does not assert the basis for federal jurisdiction. With regard to federal question jurisdiction, Defendant avers none of Plaintiff's claims provides a basis for authorizing federal jurisdiction. Furthermore, Defendant argues no elements of diversity jurisdiction have been stated in the Complaint.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") allows a party to challenge a federal court's subject matter jurisdiction to preside over a case.[6] A district court may find lack of subject matter jurisdiction in one of three manners: (1) the complaint by itself; (2) the complaint complemented by undisputed facts evidenced in the record; and (3) the complaint complemented by undisputed facts and the court's determination of disputed facts.[7] The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss.[8] Moreover, when a party moves to dismiss based on Rule 12(b)(1) in addition to another Rule 12 defense, the court should first examine the Rule 12(b)(1) challenge before addressing any attack on the merits.[9]

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they

---

[5] As Defendant's jurisdictional objections are sufficient to resolve the Motion, Defendant's objections to the adequacy of Plaintiff's claims will not be discussed.

[6] Fed. R. Civ. P. 12(b)(1).

[7] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

[8] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

[9] *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam) (unpublished)).

lack the power to adjudicate claims."[10]  In ruling on a Rule 12(b)(1) motion to dismiss, the court must take all allegations set forth in the complaint as true.[11]  Only when it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle the plaintiff to relief, should the court grant a motion to dismiss based on lack of subject matter jurisdiction.[12]

### III.    DISCUSSION

There appear to be two potential sources of jurisdiction for Plaintiff's cause of action:  federal question jurisdiction and diversity jurisdiction.  Furthermore, if at least one claim falls within the court's original jurisdiction, remaining claims might be heard under supplemental jurisdiction if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[13]  Federal question jurisdiction will be examined first.

*A.    Federal Question Jurisdiction*

28 U.S.C. § 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[14]

The first claim in Plaintiff's complaint is also the only one that expressly provides its basis in law:  a violation of Article 18 of the UDHR.  Article 18 reads as follows:

> Everyone has the right to freedom of thought, conscience and religion; this right includes freedom to change his religion or belief, and freedom, either alone or in community with others and in public or private, to manifest his religion or belief in teaching, practice,

---

[10] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).

[11] *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995) (citing *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985)).

[12] *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

[13] 28 U.S.C. § 1367.

[14] 28 U.S.C. § 1331.

worship and observance.[15]

Liberally construing Plaintiff's Complaint, Plaintiff's claim is based on Defendant retaliating against her for not sharing its beliefs. However, the UDHR "does not of its own force impose obligations as a matter of international law,"[16] and therefore, cannot be a treaty of the United States.[17] Accordingly, Plaintiff's UDHR claim does not qualify for federal question jurisdiction.

Plaintiff has not listed the legal bases for any of her six other claims. It may be that at least one of her claims arises under federal law. However, Plaintiff "constantly bears the burden of proof that jurisdiction in fact exists."[18] As Plaintiff has not stated the legal basis for any of her other claims, she has failed to prove there is federal question jurisdiction for any of her claims.[19] Accordingly, it is necessary to examine whether there is diversity jurisdiction for Plaintiff's cause of action.

### B. Diversity Jurisdiction

28 U.S.C. § 1332 states that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[20] For purposes of diversity jurisdiction, an individual is a citizen of the state where she establishes her domicile,[21] a corporation is the citizen of the

---

[15] Universal Declaration of Human Rights, art. 18, G.A. Res. 217A, U.N. GAOR, 3d Sess., 1st plen. mtg., U.N. Doc. A/810 (Dec. 12, 1948).

[16] *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734 (2004); *see also* Universal Declaration of Human Rights, pmbl. (proclaiming the UDHR as "a common standard of achievement for all peoples and all nations").

[17] *See id.* at 734–35 (noting language from Eleanor Roosevelt stating the UDHR is "not a treaty or international agreement . . . impos[ing] legal obligations").

[18] *Ramming*, 281 F.3d at 161 (citing *Menchaca*, 613 F.2d at 511).

[19] Because Plaintiff has not proven there is federal question jurisdiction for a single claim, there is no need to examine supplemental jurisdiction.

[20] 28 U.S.C. § 1332(a)(1).

[21] *Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.* (*Preston I*), 485 F.3d 793, 797–98 (5th Cir. 2007).

state where it has its principal place of business and all states where it is incorporated,[22] and other artificial entities take on the citizenship of all the entity's members.[23]

Plaintiff has not affirmatively pled either her domicile or Defendant's citizenship.  Furthermore, it remains unclear who Plaintiff intends to sue.  Although Plaintiff has styled this case as filed against the Church of Scientology, Defendant claims it is actually the Church of Scientology Mission of El Paso.[24]  Without clarification as to the actual target or targets of Plaintiff's lawsuit, it is difficult to determine whether this cause of action is between citizens of different states.  In addition, Plaintiff has not pled any specific amount of damages or other remedies she is seeking.  Unless Plaintiff establishes the amount in controversy is greater than $75,000.00, diversity jurisdiction will not exist for her cause of action.[25]

As Plaintiff has failed to prove that there is diversity between the parties and that more than $75,000.00 is in controversy, she has failed to prove there is diversity jurisdiction over her cause of action.

### IV.   CONCLUSION

Plaintiff has failed to prove there is subject matter jurisdiction to hear her cause of action.  However, in light of Plaintiff's *pro se* status, she will be given an opportunity to submit an amended complaint.[26]

For these reasons,

1. Defendant's "Brief in Support of Defendant Church of Scientology Mission of El Paso's

---

[22] 28 U.S.C. § 1332(c)(1).

[23] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

[24] Mot. 1 & n.1.

[25] *See Hartford Ins. Grp. v. Lou–Con Inc.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (per curiam) ("As the party invoking federal diversity jurisdiction, Hartford bears the burden of establishing the amount in controversy by a preponderance of the evidence.").

[26] Although no opinion is expressed on Defendant's assertions that Plaintiff has failed to state claims for which relief can be granted, Plaintiff is free to revise her pleadings in light of those objections.

        Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)" [ECF No. 15] is **GRANTED**; and

2.      Plaintiff shall have until **April 10, 2015** to file an amended complaint.  **Failure to comply will result in dismissal without further notice**.

**SO ORDERED.**

**SIGNED** this **20th** day of **March, 2015**.

                                _____
                                **FRANK MONTALVO**
                                **UNITED STATES DISTRICT JUDGE**